Curia, per

Butler, J.
There are some circumstances connected with the trial of this case which would incline *98 the court to a new trial, independently of the legal ground upon which the motion is granted. As we are satisfied on that ground, it will be unnecessary to advert to any other.
We think there was no legal objection to the competency of Yan as a witness on the issue upon which he was called to give evidence. He was not, like Davis, a judgment creditor, dor does it necessarily follow that he will ever occupy that position from his present relations to Hinton and Davis. It may be that Hinton may get time, and hereafter pay the debt upon, which Yan is security. So long as Hinton has the power to discharge the debt, the interest and liability of the security are contingent and uncertain. It is sufficient to say, that at the time the witness was called to give evidence,' he could not insist upon or enforce any of the rights of a judgment creditor. Such a creditor, by aiding to convict his debtor of rendering in a false schedule, would acquire immediate and certain advantages in the enforcement of his execution ; as he would thereby deprive the debtor of availing himself of the insolvent Acts for his relief. See the case of Clerry vs. Spears, 2 Sp. 686. The witness, Yan, may have had a strong bias, or even the temptation of. a probable, though remote interest, to influence him, under the supposition that Davis might avail himself of his rights to coerce payment from Hinton ; and that he would, in consequence of it, be discharged from his liability as security, . If the detention of Hinton in confinement would operate, ipso facto, as a discharge of Van from his liability, or could give him immediately and certainly the power and advantage of a judgment creditor, then his evidence would be incompetent. But as no such direct consequences can follow, his interest in the issue to be determined was contingent and comparatively uncertain, and should, therefore, go to his credit and not his competency.
Motion granted.
Richardson, O’Neall, Evans, Wardlaw and Frost, JJ. concurred.